Leslie Bigler Lindgren #93524
Alexander Lindgren # 302797
**LINDGREN, LINDGREN, OEHM & YOU, LLP**
4199 Campus Drive, 5th Floor
Irvine, CA  92612
Tel: 949-509-6577
Fax: 949-509-6599

Attorneys for Plaintiff
*Kristen Pankratz*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

|  |  |
|---|---|
| KRISTEN PANKRATZ, | **Case No. 8:16-cv-01917-doc-kes**<br>**Hon. David Carter** |
| Plaintiff, | |
| vs. | |
| NAMI ORANGE COUNTY, d/b/a<br>NAMI OC, A California Corporation,<br>*Individually, Ken White, Steve Pitman,*<br>*and John Leyerle and Does 1-100,* | **PLAINTIFF KRISTEN PANKRATZ'S NOTICE OF**<br>**MOTION AND MOTION FOR LEAVE TO AMEND**<br>**AND FILE THE FIRST AMENDED COMPLAINT**<br>**AND FOR REMAND TO CALIFORNIA SUPERIOR**<br>**COURT; DECLARATION OF LESLIE LINDGREN**<br>**IN SUPPORT THEREOF** |
| Defendants. | DATE: April 3, 2017<br>TIME: 8:30 AM<br>PLACE: Courtroom 9D |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 3, 2017 at 8:30A.M., or as soon thereafter as counsel may be heard, in the courtroom of Honorable David Carter, located at 411 West Fourth Street, Santa Ana, CA, Courtroom 9D, Plaintiff Kristen Pankratz, by and through her attorneys of record, shall move for an order granting Plaintiff leave to amend its complaint and ordering that the Amended Complaint submitted with this Motion be deemed filed, and the case thereafter remanded.

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, Plaintiff's Amended Complaint, and the Proposed Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

Date: March 1, 2017                                        LINDGREN, LINDGREN, OEHM & YOU, LLP

_L Lindgren_

Leslie Bigler Lindgren, Esq. (CA 93524)
4199 Campus Drive, 5th Floor
Irvine, CA  92612
(t): 949.509.6577
(f): 949.509.6599
(e): leslie@lloylaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Through this motion, Plaintiff Pankratz seeks leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff's Amended Complaint, attached hereto as Exhibit A, removes Plaintiff's causes of action under Federal Law. Plaintiff's Amended Complaint is timely, does not cause any prejudice to Defendants, and should be permitted. Thereafter this Plaintiff seeks remand to the Superior Court of California, Orange County.

### II.    PROCEDURAL HISTORY

On September 20, 2016, Plaintiff filed an original verified complaint against Defendants in the Orange County Superior Court.

On or about October 19, 2016, Defendants removed the matter to this Court in order to file a General Denial/Unverified Answer. This Court then issued an Order Setting Scheduling Conference for December 19, 2016.

Plaintiff thereafter sought Defendant's consent to file an amended Complaint to remove federal claims and remand this case back to the Orange County Superior Court, where it was originally filed. Plaintiff sought to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a).

However, at the time of this filing, Defendants continues to withhold consent. Accordingly, Plaintiff Pankratz seeks an order permitting Plaintiff to file the proposed Amended Complaint.

### III.   ARGUMENT

#### a.   Leave to Amend Should Be Liberally Granted Absent Five Factors

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." The district court has the discretion to decide whether to grant Plaintiff leave to amend. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th

Cir.1996); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810 (1982). In its exercise of this discretion, the court should grant amendments under Rule 15 with "extreme liberality." *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on merits "rather than on the pleadings or technicalities"); *see also* Moore, *3-15 Moore's Federal Practice – Civil §15.14* ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. Also considered is whether movant was allowed to make previous amendments, which failed to correct deficiencies of the Complaint. *Eminence v. Aspeon*, 316 F.3d at 1052.

Of the five factors, Prejudice is given the most weight. *Eminence*, 316 F.3d at 1052. Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*; *see also Talwar v. Creative Labs, Inc.*, No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (finding the plaintiffs should be granted leave to amend because additional discovery would not unduly prejudice the defendant and the defendant did not make a strong enough showing of bad faith on the part of the plaintiffs or that the plaintiffs requested leave to amend as a dilatory tactic, despite the suspect timing of the filing). In any case, none of these factors are present here.

In the instant case, Plaintiff does not request leave to amend in bad faith or for dilatory reasons. Plaintiff does not wish to change the framing of allegations and facts set forth in her Complaint. To the contrary, Plaintiff believes that removing her federal causes of action and remanding this case to the State Court, where Defendants must file a Verified Answer to the Complaint, would promote a rapid resolution of this matter. In State Court, Defendant's failure to file a Verified Answer would constitute admissions to all allegations in the Complain. Plaintiff anticipates that this would force Defendants to confront and resolve numerous elements of its claims in good faith, thereby serving the Court's twin goals of fairness and efficiency to both parties.

This is Plaintiff's first Amended Complaint; and granting Plaintiff leave would not be futile, since absent federal claims, Plaintiff would be able to remove instant case to state court. Moreover, Plaintiff's amendment would not unduly prejudice Defendant, since this case is still in its naissance. Parties have not exchanged discovery, and no additional costs or fees have been incurred. Lastly, this motion would not have been necessary but for Defendant's unilateral decision to remove.

### b.  Plaintiff, Master of the Claim, Chose the State Forum

The "well pleaded complaint" rule indicates that plaintiffs are the "master of the claim" for purposes of removal jurisdiction. The Plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he party who brings the suit is master to decide what law he will rely upon . . . ." *The Fair v. Kohler Die & Speciality Co.* 228 U.S. 22, 25 (1913).

In *Baddie v. Berkeley Farms, Inc.*, this Court observed:

"Filing federal claims in state court is a legitimate tactical decision by a plaintiff: it is an offer to a defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court

resolution of his claims, or to assert his right to a federal forum. <u>If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum.</u>" 64 F.3d 487, 491 (9th Cir. 1995) (emphasis added).

This Court continued to state that there is nothing manipulative about a straightforward tactical decision to litigate both state and federal claims in the forum of the plaintiff's choice.

In the instant case, Plaintiff filed her original Verified Complaint with the Orange County Superior Court, and Plaintiff is willing to eliminate her federal causes of action and solely rely upon California State Law in order to continue litigation in said Superior Court. Defendants will not be prejudiced since Defendants are well aware of Plaintiff's jurisdictional preference from the case's commencement. There are no surprises, no new facts, parties, or legal theories.

Lastly, granting leave to amend would help this Court achieve efficiency and fairness. There would be "little to be gained in judicial economy by forcing plaintiffs" to litigate in a forum not of her choice, for the sole reason that Plaintiff had initially offered Defendant the opportunity to litigate both federal and state claims in the forum of her choice. *Id*.

## IV. CONCLUSION

For the above enumerated reasons, this Court should grant Plaintiff's Motion for Leave to Amend the Complaint.

Date: March 1, 2017

LINDGREN, LINDGREN, OEHM & YOU, LLP
Respectfully Submitted,


_L Lindgren_____
Leslie Bigler Lindgren, Esq. (CA 93524)
4199 Campus Drive, 5th Floor
Irvine, CA  92612
(t): 949.509.6577
(f): 949.509.6599
(e): leslie@lloylaw.com

## \DECLARATION OF LESLIE B. LINDGREN

I, Leslie B. Lindgren, declare as follows:

1. I am an attorney duly licensed to practice before all courts of the State of California, am a Partner of the law firm Lindgren, Lindgren, Oehm & You LLP, counsel of record for the Plaintiffs herein.

2. On or around November 1, 2016, I and counsel for Defendant discussed, and Defendant's counsel ultimately rejected, an offer to dismiss Plaintiff's federal claims with prejudice, and thereafter remand this case to the Superior Court of California, Orange County.

3. On or around the first week of February, I again sought consent of Defendant's counsel to amend the Complaint, dismiss Plaintiff's federal claims with prejudice, and remand to the Superior Court of California.

4. Counsel Defendant did not at that time, and has not since, provided any basis for the refusal other than the bare statement that "Defendants always want to be in Federal Court, and Plaintiffs always want to be in State Court."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 1, 2017          Respectfully Submitted,


_____*LLindgren*_____
Leslie Lindgren, Esq.
LINDGREN, LINDGREN, OEHM & YOU LLP
Attorney for Plaintiffs

1   Leslie Bigler Lindgren  #93524
    Alexander Lindgren # 302797
2   **LINDGREN, LINDGREN, OEHM & YOU, LLP**
3   4199 Campus Drive, 5th Floor
    Irvine, CA  92612
4   Tel: 949-509-6577
    Fax: 949-509-6599
5
6   *Attorneys for Plaintiff*
    *Kristen Pankratz*
7
8                 SUPERIOR COURT OF CALIFORNIA
                    COUNTY OF ORANGE
9   _____
10                                  :  **Case No.: Case No. 8:16-cv-01917-doc-kes**
                                    :
11  KRISTEN PANKRATZ,               :  **[PROPOSED] PLAINTIFF'S FIRST AMENDED**
                                    :  **COMPLAINT**
12                                  :    1) **DISCRIMINATION UNDER THE FEHA;**
              Plaintiff,            :    2) **RETALIATION UNDER THE FEHA;**
13                                  :    3) **HOSTILE WORK ENVIRONMENT;**
                                    :    4) **DISPARATE TREATMENT**
14        vs.                       :    5) **FAILURE TO PREVENT DISCRIMINATION,**
                                    :       **RETALIATION AND/OR HARASSMENT**
15                                  :    6) **UNPAID OVERTIME WAGES (Cal. Lab. Code);**
    NAMI ORANGE COUNTY, d/b/a       :    7) **WRONGFUL TERMINATION (Cal. Lab. Code)**
16  NAMI OC, A California Corporation, : : 8) **WRONGFUL TERMINATION (Cal. Lab. Code)**
    *Individually, Ken White, Steve Pitman,* :   9) **UNFAIR BUSINESS PRACTICES (B&P 17200)**
17  *and John Leyerle and Does 1-100.* :   10) **INTENTIONAL INFLICTION OF EMOTIONAL**
                                    :       **DISTRESS**
18             Defendants.          :    11) **NEGLIGENT INFLICTION OF EMOTIONAL**
                                    :       **DISTRESS**
19                                  :              **JURY TRIAL DEMANDED**
                                    :              **UNLIMITED CIVIL ACTION**
20                                  :
21  _____:
22
23         Plaintiff KRISTEN PANKRATZ, by and through her attorneys, LINDGREN, LINDGREN
24  OEHM &  YOU,  LLP,  who hereby file this Complaint against Defendant NAMI ORANGE
25  COUNTY, INC., a nonprofit corporation d/b/a NAMI OC, and Ken White, John Leyerle and Steve
26  Pitman, its Executive Director(s)  and Chairman of the Board of Directors, respectively, and does
27  hereby allege and state as follows:
28

                                      1

**NATURE OF THE ACTION**

1.   This action is brought by Plaintiff KRISTEN PANKRATZ (hereinafter "Plaintiff") against her prior employer NAMI ORANGE COUNTY (hereinafter "NAMI OC") for discrimination on the basis of disability and retaliation, including wrongful discharge, ongoing hostile work environment, denial of promotions and benefits and refusal to provide reasonable accommodation.

2.   Plaintiff brings this action under California's Fair Employment and Housing Act (FEHA), codified as Cal. Gov't Code §§ 12900, *et seq.* (hereinafter, "FEHA").

3.   Plaintiff further complains pursuant to the California Labor Code, codified as Cal. Lab. Code § 1194, *et seq.* and seeks to recover lost income, unpaid overtime, liquidated damages, and reasonable attorneys' fees and costs.

4.   Plaintiff seeks damages to redress the injuries she has suffered as a result of being discriminated against, retaliated against, harassed due to her disability, and other statutory violations and seeks damages and attorneys' fees and costs.

**JURISDICTION AND VENUE**

5.   On December 29, 2015, Plaintiff filed a timely charge of discrimination with the Department of Fair Employment and Housing, complaining of unlawful discriminatory acts.  That charge was amended March 2016 to incorporate Ms. Plaintiff' subsequent termination, and a Right to Sue letter was issued April 26, 2016, and provided Ms. Plaintiff one year to sue.  Likewise, on June 29, 2016 the Equal Employment Opportunity Commission served a right to sue notice providing that Plaintiff had ninety (90) days from receipt of such notice to sue.  Consequently, Plaintiff has timely exhausted her administrative remedies.

6.   The Orange County Superior Court has proper jurisdiction over this controversy pursuant to the DFEH.

7.   Venue is proper under California Code of Civil Procedure S. 395(a), because the unlawful employment practices alleged herein occurred in Orange County, where both the Plaintiff resides and the Defendants have offices, do business and reside.

## PARTIES

8.   At all times relevant hereto, Plaintiff was and is an adult resident of the State of California, County of Orange.

9.   At all times relevant hereto and up until her termination on March 22, 2016, Plaintiff was an employee as defined by 42 U.S.C. § 12111(5) and Cal. Gov't Code § 12926 *et seq.*

10.  On information and belief, at all times relevant hereto, Defendant NAMI OC Orange County, doing business as "NAMI OC"  is a domestic nonprofit corporation, duly existing pursuant to, and by virtue of, the laws of the State of California, with their corporate headquarters and offices located at Santa Ana, California.

11.  NAMI OC is an "employer" as defined by 42 U.S.C. § 12111(5) and Cal. Gov't Code § 12926 *et seq.*

12.  On information and belief, NAMI OC employed at least five (5) or more employees at all times pertinent herein.

13.  Defendants Ken White ("White"), John Leyerle ("Leyerle") and Steve Pitman ("Pitman") each have acted as executive director at various times of NAMI OC during the course of Plaintiff's employment, each responsible for supervising Plaintiff's employment.  Additionally, Defendants Leyerle and Pitman have each acted as Board members for NAMI OC.  Finally, Plaintiff is informed and believes and based thereon alleges that each is a resident of Orange County, California.

14.  Plaintiff is informed and believes that at all times relevant hereto, Defendant Does 1-50 held supervisory authority over Plaintiff Ms. Plaintiff, and had the power to hire, fire, and/or directly affect the terms and conditions of Plaintiff's employment.

3

15. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 51-100, inclusive and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

16. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course an scope of such agency and employment.

17. Defendant NAMI OC,  Pitman, Leyerle and White and Does 1-100 are hereinafter collectively referred to as "Defendants."

**EXHAUSTION OF REMEDIES**

18. On or about December 29, 2015 Plaintiff filed a complaint with the Department of Fair Employment and Housing for the State of California asserting discrimination on the basis of disability and age.  A response was due by NAMI OC to her Complaint on or about March 31, 2016 (Plaintiff is informed and believes that NAMI OC had sought an extension of its time to respond).  In or around March 2016, Plaintiff confirmed to NAMI OC that she was continuing with her complaint, and on March 21, 2016, without any warning or discussion of the work since she had returned the prior December, Plaintiff was abruptly terminated by NAMI OC.  On March 22, 2016, Plaintiff updated her complaint with DFEH to include the termination.  She has been served a "right to sue" letter from DFEH.

**MATERIAL FACTS**

19.  On or about November 2010, Defendants hired Plaintiff as a "program coordinator".

20.   For four years thereafter and at all times relevant hereto, Plaintiff was an exemplary employee who performed excellent work, competently handled heavy workloads, and got along with her coworkers.  Although she suffered from a prolonged manic period due to her bipolar disorder during this period, her review as recently as February 26, 2015, rated her as "Outstanding" in every category rated, and specifically stated, "Kristen excels in this category [Quantity of Work].  She puts out an extremely large amount of work consistently.  In this area, she can be considered top in her dept.  I admire her dedication to get the job done. . . . While I was supervising Kristen she always tried to work as a team player.  She certainly is a team leader for all her presenters.  Kristen shows strength in both these areas. . . .Kristen's knowledge of her job required duties, her programs and her overall knowledge of mental health exceeds all necessary levels for her program coordinator position . . . "  And finally, "Kristen is one of the most dedicated employees that I have had the pleasure of working with over the years.  She strives to meet all expectations.  Kristen obtains the highest yeild [sic] for her programs due to her experience and "never quit" attitude.  She has no problem going above and beyond to get the job done even working after hours when necessary.  Kristen meets all req'd deliverables for her program contracts too.  I would work with Kristen on any project gladly. [Smile face]."

21.   Similarly, she was rated "Outstanding" on her prior evaluation of September 27, 2013, although the evaluator noted that she was "extremely over burdened."  That evaluation noted that Plaintiff "hoped for relief in the near future."  Finally "All presenters & teachers have a high level of respect for Kristen.  She works well with everyone in the office."

22.   Nonetheless, within three months of the February 2015 evaluation, commencing in June 2015, through its agent Ken White, NAMI OC began to complain that Plaintiff was working too hard.  Plaintiff had been allocated four (4) different projects and the accounting and deliverables for a significant State grant, which she managed timely.  Nonetheless, NAMI OC began to complain

through its agent, Ken White, volunteer Executive Director, that Plaintiff was working too many hours, presumably recognizing that it (NAMI OC) was in violation of wage and hours laws with respect to the hours being required of Plaintiff by the combination of projects that she had. She also had not taken any sick days or vacation days for roughly two years.

23. Thereafter in June 2015, Plaintiff received a review that criticized her on the basis that she was, among other things, doing too much, and accused her of being disruptive and failing to follow chain of command. That letter threatened to terminate her.

24. Plaintiff undertook to comply with NAMI OC's requests. She also explained in a letter dated the following day that as a consequence of her disability (bipolar disorder) of which NAMI OC was at all times aware, she was having a manic period which made it difficult for her to control some of her behaviors with others, but noted that she was working with her physician to change her medications. She requested an accommodation because the new medication could tend to make her sleepy. She also noted that she did not feel safe in the work environment when the Executive Director failed to lock up behind himself while she was still in the building at night, and asked to be treated in a respectful manner.

25. On or about July 27, 2015, Adriana Batista, a new hire who had only been at NAMI OC less than two months, wrote a letter to the Board of Directors, with her two week notice, pointing out what she described as a lack of leadership and derogatory office tone.

26. On or about September 2015, Plaintiff investigated filing a complaint with DFEH due to the ongoing hostile atmosphere in the office. Such hostile atmosphere took the form of negative and derogatory comments and gestures by coworkers, including Xuan Vo, about individuals, including Plaintiff, who were known to have mental disabilities. Such atmosphere was known to managers of NAMI OC as they had been specifically reported to the management and Board of Directors by Adriana Batista upon her departure in July.

27. In October 2015, NAMI OC placed Plaintiff on leave, requested that she use up her existing vacation leave and sick leave, and requested a statement from her physician attesting to her ability to perform her work. She returned to work on or about December 3, 2015, upon the exhaustion of her vacation leave and sick leave. The day after her return the Executive Director, Ken White, separated from NAMI OC, and was replaced in the position of acting executive director by Chairman of the Board, Steve Pitman as well as by Board member John Leyerle.

28. In the period from February through March 2015, Plaintiff with one or other employees, complained to Steve Pitman regarding the ongoing negative behaviors of John Leyerle and another employee. During such period, Plaintiff also informed Defendants that she would add such information to her pending DFEH complaint. Consequently, Defendants were aware of the ongoing complaint if for no other reason than NAMI OC's response was due on or about March 30 (on information and belief, having obtained a one-month continuance of time to respond).

29. On or about March 22, Plaintiff was abruptly terminated. Shortly thereafter, another individual at NAMI OC also departed. On information and belief, Plaintiff alleges that that employee likewise asserted disability discrimination and other violation of labor statutes.

30. As a result of the foregoing, Plaintiff was subjected to an ongoing unlawful hostile work environment, retaliatory termination and discrimination on the basis of her mental disability.

31. Plaintiff has felt and continues to feel offended, degraded, disturbed, humiliated, and physically and mentally injured by the unlawful discrimination she has suffered at the hands of Defendants.

32. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

33. As a result of Defendants' actions, Plaintiff feels extremely humiliated, victimized, embarrassed, and emotionally distressed.

34. In additional to the pecuniary losses, Plaintiff has suffered as a result of the acts and conduct complained of herein, Plaintiff has also suffered, and will continue to suffer emotional pain, anguish, inconvenience, loss of enjoyment of life, damage to her physical health, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

35. As a result of the above, Plaintiff has been damaged in an amount which exceeds $50,000.

36. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**Unlawful Discrimination in Violation of California's FEHA,**
**codified as Cal. Gov't Code § 12900, <i>et seq.</i>**

37. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

38. The FEHA, Cal. Gov't Code § 12900 <i>et seq.</i>,makes it unlawful for Defendants to discriminate because of race, color, national origin, sex, familial status, disability, sexual orientations, marital status, ancestry, source of income, and religion.

39. Plaintiff was able to perform the essential job duties of her employment.

40. The discriminatory acts and/or omissions of Defendants, as stated herein, were intended to, and in fact have, deprived Plaintiff of her statutory rights to be secure in her employment with NAMI OC, and have caused Plaintiff to suffer ridicule and humiliation in her personal and professional capacities and her right to be free of unlawful discrimination.

41. Upon information and belief, Defendants, and each of them, knew or should have known of the discriminatory consequences of their acts and omissions, and intentionally proceeded despite those known consequences.

42. Defendants terminated Plaintiff's employment.

43.  Defendants violated the FEHA by discriminating against Plaintiff, due to her disability and by retaliating against her for complaints of discrimination to DFEH.  Defendants wrongfully retaliated against Plaintiff for pursuing her complaint with DFEH against NAMI OC by terminating her March 22, 2016, while her complaint was pending, shortly after (1) she joined another employee in complaining about the ongoing behaviors of management and an employee, (2) learning that she had not abandoned her DFEH complaint against NAMI OC, and (3) shortly before NAMI OC was required to respond in writing to that complaint.

44.  Plaintiff is informed and believes and based thereon alleges that Plaintiff's disability was a substantial motivating reason for NAMI OC's decision to terminate her employment.

45.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

46.  Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm.

47.  Moreover, Defendants' discriminatory, retaliatory, and harassing conduct was done, encouraged, and permitted in conscious disregard of Plaintiff's rights, constitute malice under Civil Code 3294(c)(1), oppression under Civil Code section 3294(c)(2), and thereby gives rise to punitive damages pursuant to Civil Code section 3294, in an amount to be proven at trial.

48. Plaintiff has also incurred and will incur costs and attorneys fees in prosecuting this action, and is entitled to such fees per Government Code section 12965(b), as well as all other costs permitted by law.

### AS A SECOND CAUSE OF ACTION
### Unlawful Discrimination and Retaliation in Violation of California's FEHA, codified as Cal. Gov't Code § 12900, *et seq*.

49.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. At all times relevant to this complaint, the FEHA, Cal. Gov't Code § 12940(h) provides:

It is an unlawful employment practice…[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

51. Plaintiff is informed and believes and thereon alleges that Defendant NAMI OC, through its agents has retaliated against Plaintiff, *inter alia,* by terminating her shortly after she raised concerns regarding working conditions at NAMI OC and shortly before NAMI OC's response to her Complaint to DFEH was due. NAMI OC terminated Plaintiff on the basis of her having opposed unlawful practices and having participated in the DFEH/EEOC process by filing a complaint alleging discrimination, in violation of FEHA as amended.

52. Defendant NAMI OC through its agents was aware of Plaintiff's opposition to illegal practices.

53. Plaintiff is informed and believes and thereon alleges that Defendant NAMI OC through its agents dismissed Plaintiff without explanation as a consequence of her advocacy for fair treatment of the disabled and her having filed a complaint with the DFEH.

54. Plaintiff is informed and believes and thereon alleges that Plaintiff's disability was a substantial motivating reason for NAMI OC's decision to terminate her employment.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until the Court grants relief.

56. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm.

57. Moreover, Defendants' discriminatory, retaliatory, and harassing conduct was done, encouraged, and permitted in conscious disregard of Plaintiff's rights, constitute malice under Civil Code 3294(c)(1), oppression under Civil Code section 3294(c)(2), and thereby gives rise to punitive damages pursuant to Civil Code section 3294, in an amount to be proven at trial.

58. Plaintiff has also incurred and will incur costs and attorneys fees in prosecuting this action, and is entitled to such fees per Government Code section 12965(b), as well as all other costs permitted by law.

### AS A THIRD CAUSE OF ACTION
**Hostile Work Environment in Violation of California's FEHA,**
**codified as Cal. Gov't Code § 12900, *et seq.***

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. Plaintiff was subjected to unwanted harassing conduct based upon her disability; or personally witnessed harassing conduct that took place in her immediate work environment.

61. The harassing conduct was severe or pervasive.

62. A reasonable person similarly situated in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

63. Plaintiff indeed considered her work environment to be hostile or abusive.

64. Defendants engaged in the harassing conduct and/or knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective action.

65. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until the Court grants relief.

66. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm.

67. Moreover, Defendants' discriminatory, retaliatory, and harassing conduct was done, encouraged, and permitted in conscious disregard of Plaintiff's rights, constitute malice under Civil Code 3294(c)(1), oppression under Civil Code section 3294(c)(2), and thereby gives rise to punitive damages pursuant to Civil Code section 3294, in an amount to be proven at trial.

68. Plaintiff has also incurred and will incur costs and attorneys fees in prosecuting this action, and is entitled to such fees per Government Code section 12965(b), as well as all other costs permitted by law.

**AS A FOURTH CAUSE OF ACTION**
**Disparate Treatment Discrimination in Violation of California's FEHA,**
**codified as Cal. Gov't Code § 12900, *et seq.***

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. Plaintiff was subjected to unwanted harassing conduct based upon her disability; or personally witnessed harassing conduct that took place in her immediate work environment.

71. The harassing conduct was severe or pervasive.

72. Non-disabled persons employed by NAMI in similar positions with similar performance records were treated disparately well in comparison to Plaintiff.

73. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm.

74. Moreover, Defendants' discriminatory, retaliatory, and harassing conduct was done, encouraged, and permitted in conscious disregard of Plaintiff's rights, constitute malice under Civil Code 3294(c)(1), oppression under Civil Code section 3294(c)(2), and thereby gives rise to punitive damages pursuant to Civil Code section 3294, in an amount to be proven at trial.

75. Plaintiff has also incurred and will incur costs and attorneys fees in prosecuting this action, and is entitled to such fees per Government Code section 12965(b), as well as all other costs permitted by law.

**AS A FIFTH CAUSE OF ACTION**
**Failure to Prevent Discrimination, Retaliation and/or Harassment in Violation of California's**
**FEHA,**
**codified as Cal. Gov't Code § 12900, *et seq.***

76. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. Plaintiff was subjected to unwanted harassing conduct based upon her disability; or personally witnessed harassing conduct that took place in her immediate work environment.

78. Plaintiff was further subjected to discriminatory disparate treatment and retaliation on the basis of her disability.

79. Plaintiff repeatedly complained to NAMI OC's agents and members of the Board of Directors regarding the discriminatory, harassing, and retaliatory conduct and environment.

80. On information and belief, Defendant NAMI OC and its managers and members of the Board of Directors had direct knowledge of, encouraged, and/or directly participated in the harassing, retaliatory, and discriminatory conduct against Plaintiff.

81. Defendants failed to take the reasonable, available, and necessary steps to prevent this harassment, discrimination, and retaliation, and ultimately wrongfully terminated Plaintiff's employment in retaliation for her attempts to seek redress or accommodation.

82. California Government Code, Section 12940(k), provides in relevant part that "[i]t is an unlawful employment practice. For an employer … to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Here, Defendants failed and refused to take any such reasonable steps whatsoever.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until the Court grants relief.

84. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm.

85. Moreover, Defendants' discriminatory, retaliatory, and harassing conduct was done, encouraged, and permitted in conscious disregard of Plaintiff's rights, constitute malice under

Civil Code 3294(c)(1), oppression under Civil Code section 3294(c)(2), and thereby gives rise to punitive damages pursuant to Civil Code section 3294, in an amount to be proven at trial.

86. Plaintiff has also incurred and will incur costs and attorneys fees in prosecuting this action, and is entitled to such fees per Government Code section 12965(b), as well as all other costs permitted by law.

### AS A SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy (Gov. Code section 12940)

87. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

88. Plaintiff was employee, and as such performed work for Defendant NAMI OC.

89. Plaintiff is disabled, and was targeted, harassed, and subjected to retaliation due to her disability and complaint about harassment and lack of accommodation.

90. Defendants terminated Plaintiff from her employment in violation of California public policy, as set forth in Gov. Code sections 12940 (a) [disability], (h) [harassment], (j) [retaliation], and (k) [failure to prevent discrimination, harassment, and retaliation.].

91. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until the Court grants relief.

92. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm.

93. Moreover, Defendants' discriminatory, retaliatory, and harassing conduct was done, encouraged, and permitted in conscious disregard of Plaintiff's rights, constitute malice under Civil Code 3294(c)(1), oppression under Civil Code section 3294(c)(2), and thereby gives rise to punitive damages pursuant to Civil Code section 3294, in an amount to be proven at trial.

94. Plaintiff has also incurred and will incur costs and attorneys fees in prosecuting this action, and is entitled to such fees per Government Code section 12965(b), as well as all other costs permitted by law.

**AS A SEVENTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy (Labor Code section 1102.5)**

95.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

96. Plaintiff was employee, and as such performed work for Defendant NAMI OC.

97.  Plaintiff is disabled, and was targeted, harassed, and subjected to retaliation due to her disability and complaint about harassment and lack of accommodation.

98. Plaintiff is informed and believes and thereon alleges that Defendant NAMI OC, through its agents has retaliated against Plaintiff, *inter alia,* by terminating her shortly after she raised concerns regarding working conditions at NAMI OC and shortly before NAMI OC's response to her Complaint to DFEH was due.  NAMI OC terminated Plaintiff on the basis of her having opposed unlawful practices and having participated in the DFEH/EEOC process by filing a complaint alleging discrimination, in violation of FEHA as amended.

99. Labor Code Section 1102.5 provides, in pertinent part:

"An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state

or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

100. Defendant NAMI OC through its agents was aware of Plaintiff's opposition to illegal practices.

101. Plaintiff is informed and believes and thereon alleges that Defendant NAMI OC through its agents dismissed Plaintiff without explanation as a consequence of her advocacy for fair treatment of the disabled and her having filed a complaint with the DFEH.

102. Plaintiff is informed and believes and thereon alleges that Plaintiff's disability was a substantial motivating reason for NAMI OC's decision to terminate her employment.

103. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until the Court grants relief.

104. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm.

105. Moreover, Defendants' discriminatory, retaliatory, and harassing conduct was done, encouraged, and permitted in conscious disregard of Plaintiff's rights, constitute malice under Civil Code 3294(c)(1), oppression under Civil Code section 3294(c)(2), and thereby gives rise to punitive damages pursuant to Civil Code section 3294, in an amount to be proven at trial.

106. Plaintiff has also incurred and will incur costs and attorneys fees in prosecuting this action, and is entitled to such fees per Government Code section 12965(b), as well as all other costs permitted by law.

## AS A EIGHTH CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of Cal. Lab. Code § 1194

107. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

Cal. Lab. Code § 1194 states:

Any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

108. Plaintiff was employee, and as such performed work for Defendant NAMI OC.

109. Plaintiff was a non-exempt hourly employee and worked overtime hours for Defendant NAMI OC.

110. Defendants knew or should have known that Plaintiff worked overtime hours.

111. Plaintiff worked "off the clock" to complete her work, including work emails.

112. Plaintiff was not paid the applicable overtime rate under California law, was caused to suffer damages and was harmed.  Plaintiff is informed and believes that the time spent can be established from her work records.

113. Plaintiff is entitled to liquidated damages of an amount equal to the wages unlawfully unpaid pursuant to Cal. Lab. Code § 1194.2.

### AS AN NINTH CAUSE OF ACTION
### Unlawful Violation of the California Business and Professions Code 17200

114. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

115. California Business & Professions Code sections 17200 *et seq.* prohibit any unlawful or unfair business practice, with additional penalties for violations affecting disabled persons. Bus. & Prof. 17206.1.

116. Defendants willfully violated Plaintiff's rights by creating and encouraging an environment that was hostile to individuals with mental disabilities, failing to take all reasonable measures to correct said hostile environment when Plaintiff complained, retaliating against Plaintiff by

terminating her, on information and belief, as a consequence of her decision to proceed with EEOC and DEHF complaints, failing to pay for all hours worked, failing to pay overtime compensation, failing to provide lawful meal and rest periods, and failing to provide accurate itemized wage statements in violation of California law.  Such practices constitute unfair, fraudulent or unlawful business practices that violate California Business and Professions Code 17200 et seq.  On information and belief, Defendants' practices were intended to achieve improved financial outcomes for NAMI OC by denying wages to employees, using those wages to make the financial productivity of the non-profit appear better than it was.

117. Furthermore, on information and belief, NAMI OC retaliated against, harassed, and terminated Plaintiff in retaliation for exercising of her right to lodge complaints regarding illegal behavior with the EEOC and DEHF; NAMI OC did so out partially intending to intimidate workers from filing complaints on work environment, discrimination, or wage and hour law violations, thus not only unfairly saving costs that NAMI OC's competitors would have to pay in the same circumstances.

118. NAMI OC's anticompetitive, unfair, and unlawful trade practices have the effect of depressing overall wages, directly harming employees, including Plaintiff, and undermining the spirit and intent of California trade competition law by permitting Defendants to reduce costs and increase perceived return on donations via violation of laws meant to ensure a fair and even marketplace. Even as a non-profit corporation, NAMI OC can unfairly compete for donations and support on the basis of its comparative results with other non-profits – by taking advantage of its violations of California law.

119. On information and belief, NAMI OC, its managers, and its Board of Directors has exercised a pattern of discriminatory, harassing, and retaliatory behavior in the workplace in part to perpetuate an oppressive and coercive scheme to promote and continue anticompetitive trade

practices, harming competitors, NAMI OC employees, the consumers and public NAMI OC nominally serves, and Plaintiff herself.

120.   Due to Defendants' violations, Plaintiff is entitled to recover from Defendant her unpaid overtime, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, statutory penalties, exemplary and/or punitive damages, and costs and disbursement of the action.

**AS A TENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

121. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

122. That at all times set forth herein and on a continuing basis, Defendants did act intentionally and recklessly aware that her conduct would cause severe emotional distress and mental anguish to the Plaintiff.

123. Defendant's conduct did cause the Plaintiff severe emotional distress.

124. That as result of Defendant's conduct, Plaintiff suffered and continues to suffer from anxiety, loss of sleep, loss of enjoyment and interest in life. Plaintiff also suffers from physical manifestations of the emotional distress caused by Defendant.

125. That the emotional distress and mental anguish caused by Defendants and suffered by the Plaintiff is so severe that no reasonable person could be expected to endure it.

126. That the Plaintiff suffered grave and permanent impairment to her professional career, both economically and with respect to reputation.

127. Furthermore, on information and believe, that Defendant's conduct was intentional, willful, wanton, reckless, and malicious. Accordingly, Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court to grant the following relief:

A. A declaratory judgment that Defendants engaged in unlawful employment practices prohibited by the Americans with Disabilities Act, codified as 42 U.S.C. §§ 12101 *et. seq.*, as amended by the ADA Amendments Act of 2008 (hereinafter "ADA"), and California's Fair Employment and Housing Act, codified as Cal. Gov't Code §§ 12900, *et seq.*, and the DFEH;

B. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein, and requiring mandatory training of all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and;

C. An award of damages for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. An award of compensatory damages for mental, emotional, and physical injury, distress, pain and suffering, and injury to her reputation in an amount to be proven.

E. An award of punitive damages;

F. An award of liquidated damages;

G. An award of statutory penalties, and prejudgment and post judgment interests;

H. An award of cost and expenses of this action together with Plaintiff's attorneys' and expert fees; and

I. Such other and further relief as this Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable as of right by jury.

Date: March 1, 2017

LINDGREN, LINDGREN, OEHM & YOU, LLP
Respectfully Submitted,

*LLindgren*
Leslie Bigler Lindgren, Esq. (CA 93524)
4199 Campus Drive, 5th Floor
Irvine, CA  92612
(t): 949.509.6577
(f): 949.509.6599
(e): leslie@lloylaw.com

1

**VERIFICATION**

2

I, KRISTEN PANKRATZ, declare as follows:

3

I am an individual Plaintiff in the above-entitled matter.  I have read the foregoing Verified

4

Complaint and state under the laws of the State of California that the contents are true and accurate

5

to my own knowledge, except as to an matters stated on information and belief, as to which I believe

6

to be true accurate.

7

8

9

Dated: 2-20-17

                              *Kristen Pankratz*

10

                           KRISTEN PANKRATZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

Leslie Bigler Lindgren #93524
Alexander Lindgren # 302797
**LINDGREN, LINDGREN, OEHM & YOU, LLP**
4199 Campus Drive, 5th Floor
Irvine, CA  92612
Tel: 949-509-6577
Fax: 949-509-6599

Attorneys for Plaintiff
*Kristen Pankratz*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

|  |  |
|---|---|
| KRISTEN PANKRATZ, | **Case No. 8:16-cv-01917-doc-kes** <br> **Hon. David Carter** |
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND FILE FIRST AMENDED COMPLAINT AND ORDER TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA, COURT OF ORANGE COUNTY FOR LACK OF SUBJECT MATTER JURISDICTION** |
| NAMI ORANGE COUNTY, d/b/a NAMI OC, A California Corporation, *Individually, Ken White, Steve Pitman, and John Leyerle and Does 1-100,* | DATE:  April 3, 2017 <br> TIME: 8:30 AM <br> PLACE: Courtroom 9D |
| Defendants. | |

Plaintiff's Motion for Leave to Amend and File a First Amended Complaint came on regularly for hearing before this court on March 20, 2017 in Courtroom 9D, Honorable David Carter presiding. Leslie B. Lindgren appeared as attorney for Plaintiff Kristen Pankratz. Payne & Fears appeared as attorney for Defendants NAMI Orange County, Ken White, Steve Pittman, and John Leyerle.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

After full consideration of the evidence and authorities submitted by counsel, as well as counsel's oral argument, the Court, finding good cause therefore, Plaintiff's motion to Amend and File the First Amended Complaint is hereby GRANTED, and the instant action is hereby remanded to the Superior Court of California, County of Orange.

IT IS SO ORDERED.


DATED: _____                        _____

Hon. David Carter
Judge of the District Court